IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 16-cr-202 |
| | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| BARBARA H. HAFER, | : | |

## MEMORANDUM & ORDER

### February 24, 2017

Presently pending before the Court is the Defendant's motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. (Doc. 20) (the "Motion"). Briefing for other pending motions (Docs. 22, 24, 26, 28, and 30) has been stayed by our Order of October 11, 2016, following an agreement by the parties. (Doc. 35). The Motion was filed on September 28, 2016, along with an accompanying brief in support. (Doc. 21). The Government filed a brief in opposition on November 10, 2016. (Doc. 39). The Defendant did not file a brief in reply, and the time for filing has long passed. (*See* Local Rule 7.7). Therefore, the Motion is ripe for our review. For the reasons that follow, the Motion shall be denied.

## I.    BACKGROUND

The Grand Jury returned an indictment against Barbara Hafer on July 20, 2016 charging her with two counts of false statements made to a department or

agency of the United States, in violation of 18 U.S.C. § 1001. (Doc. 1). In keeping with the standard of review for a motion to dismiss, the following facts are derived from the indictment.

The Defendant was Treasurer of the Commonwealth of Pennsylvania, from January 21, 1997 until January 18, 2005. (Doc. 1, ¶ 3). A person identified only as "Person #1" had financial relationships and multiple businesses that operated within the Middle District of Pennsylvania and elsewhere. (*Id*., at ¶ 4). Person #1 and his business associates "had solicitation agreements, fee-sharing arrangements and other financial associations with entities that provided asset management services to the Pennsylvania Treasury" during the time that the Defendant served as Treasurer. (*Id*.). Person #1 and other persons and entities associated with Person #1 contributed more than $200,000 to support the Defendant as a candidate for Treasurer. (*Id*.). While the Defendant served as Treasurer, the Treasury entered into asset management contracts with businesses associated with Person #1 totaling hundreds of millions of dollars in Treasury assets, and paying out more than ten million dollars in fees. (*Id*., at ¶ 5).

During the process of investigating allegations of fraud within the Pennsylvania Treasury, special agents of the FBI and IRS interviewed the Defendant on May 9, 2016. (*Id*., at ¶¶ 6, 8). During the interview, the Defendant told the agents that she started Hafer & Associates after leaving public office. (*Id*.,

at ¶ 9). "She stated that Person #1 did not help her with her business." (*Id.*, at ¶ 10). After this statement, the agents showed her a written agreement between Hafer & Associates and a company associated with Person #1 and the Defendant acknowledged her initials on the agreement. (*Id.*, at ¶ 11). The agreement called for the company associated with Person #1 to pay Hafer & Associates $500,000 in twelve monthly payments, but stated "its obligation to pay amounts due hereunder is not contingent upon Hafer achieving any particular result." (*Id.*).

The Defendant "stated to investigators that Barbara Hafer was never paid the $500,000 fee or any payments referenced in the Agreement." (*Id.*, at ¶ 12). Investigation revealed that the $500,000 was paid in accordance with the terms of the agreement and that the Defendant received a portion of it. (*Id.*, at ¶ 13). Investigation also revealed that the money paid on this agreement constituted 73% of Hafer & Associates' revenue for 2005. (*Id.*).

The indictment charges the Defendant with two counts of false statements based on the Defendant's statements that Person #1 did not help her with Hafer & Associates and that she did not receive payment on the agreement with Person #1.

## II.   STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows a criminal defendant to file a motion to dismiss an indictment on the basis that the indictment fails to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). "[A] pretrial motion to

dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence." *United States v. DeLaurentis*, 230 F.3d 659, 660 (3d Cir. 2000) (citations omitted). Rather, "[i]n evaluating a Rule 12 motion to dismiss, a district court must accept as true the factual allegations set forth in the indictment" and "determin[e] whether, assuming all of those facts as true, a jury could find that the defendant committed the offense for which he was charged." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012). To survive a motion to dismiss, the indictment must adequately set forth the elements of the crime charged. *Id*.

## III.   ANALYSIS

"A conviction under § 1001 requires that five elements be proved: (1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction." *United States v. Barr*, 963 F.2d 641, 645 (3d Cir. 1992). The Defendant argues that the indictment fails to state an offense for two reasons: the facts alleged do not establish that a false statement or representation was made and the indictment does not allege the necessary intent. We will discuss each argument in turn.

### A. False Statement or Representation

The indictment is premised on two statements by the Defendant: (1) "that BARBARA HAFER was never paid the $500,000 or any payments listed in the

Agreement between Hafer & Associates, LLC and a business associated with Person #1" and (2) "that Person #1 did not help her with her business, Hafer & Associates." (*Id*., at ¶¶ 14, 17).

Defendant argues that these statements were not false. With regard to the first statement, Defendant argues that her statement was true because she was not *individually* paid any money from the Agreement with the company associated with Person #1. (Doc. 21, p. 6). Instead, the $500,000 was paid to Hafer & Associates and "Ms. Hafer merely received a portion of the moneys provided under the Agreement, as an employee paid by the entity, Hafer & Associates." (*Id*.). With regard to the second statement, Defendant argues that the statement was true because entering into a contract with a business associated with Person #1 is not Person #1 "helping" her. (*Id*., at p. 7-8). Defendant argues that these statements are not false "as a matter of law." (*Id*.).

Whether these statements were untrue is not a matter of law, but a matter of fact to be decided by the jury. Defendant points out that Hafer & Associates is a separate entity from her individual person, but a jury could still reasonably find that she was intentionally deceptive and that it was literally false to state that "she" was not paid money from the Agreement because she received a portion through her interest in the company. Similarly, whether the Agreement between Person #1's company and Hafer & Associates constituted "help" is a factual determination

5

appropriately left for the jury. Defendant points to the fundamental right to enter a contract, but that is irrelevant. A conviction for false statements would not invade the Defendant's right to enter a contract; criminal liability is not imposed for the contract itself, but for making false statements to the agents regarding the relationship between them. A reasonable jury could find that the $500,000 contract, which contained a provision that payment was not dependent on Hafer & Associates' performance and which made up a significant portion of the company's revenue, constituted "help".

Because a reasonable jury could properly find that the Defendant's statements were false, the indictment has sufficiently stated the falsity element of § 1001. *See United States v. Stock,* 728 F.3d 287, 299 (3d Cir. 2013) (affirming a district court's denial of a motion to dismiss the indictment for threatening communication because a "reasonable jury could find" that the communication made constituted a threat).

## B. Intent

The Defendant argues that "the government has not alleged the requisite intent" because "[t]here are simply no allegations that Ms. Hafer knew of the unlawfulness of her statements when made." (Doc. 21, p. 9). However, the indictment alleges that the Defendant "did willfully and knowingly" make false statements. (Doc. 1, ¶¶ 14, 17).

Federal Rule of Criminal Procedure 7(c)(1) only requires an indictment to be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *Huet*, 665 F.3d at 595 (quoting *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007)). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of a violation under the statute, and specifies the time period during which the violations occurred." *Id*., at 595.

The indictment contains eight pages of factual allegations that summarize the federal investigation, the Defendant's interview with the agents, and research into the truthfulness of her statements. (Doc. 1). It certainly has put the Defendant on notice of the statute she is charged with violating and the specifics of those alleged violations. Defendant argues that the indictment is nonetheless insufficient because there is not an allegation that she knew her actions were unlawful, but cites to case law concerning the *proof* of a violation of 18 U.S.C. § 1001 rather than the sufficiency of an indictment alleging such a violation. (Doc. 21, p. 9). Of

7

course, "a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence," and whether the Government will be able to meet its burden of showing the appropriate scienter is appropriately left for trial. *DeLaurentis*, 230 F. 3d at 660.

The Grand Jury returned an indictment against the Defendant, indicating that they found probable cause to believe that she violated 18 U.S.C. § 1001. Coupled with the detailed factual allegations contained therein, as well as the allegation that she "willfully and knowingly" made false statements, the indictment has sufficiently stated the elements of the offense.

## IV.    CONCLUSION

For the foregoing reasons, the motion to dismiss the indictment shall be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  The motion to dismiss the indictment (Doc. 20) is **DENIED.**


<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge